1

2

3

4

5

6

7

8

9                   IN THE UNITED STATES DISTRICT COURT

10                   FOR THE DISTRICT OF OREGON

11  MORSE E. STEWART,                )
                                     )
12                   Plaintiff,      )
                                     )
13        v.                         )
                                     )
14  WASHINGTON MUTUAL, FA; FIRST     )    No. CV-09-1180-HU
    PACIFIC MORTGAGE CO., INC.;      )
15  U S BANK NATIONAL ASSOCIATION;)
    CREDIT SUISSE FIRST BOSTON,      )
16  MORTGAGE SECURITIES CORP -       )
    CSFB, MORTGAGE PASS THROUGH      )
17  CERTIFICATE SERIES 2003-23;      )
    MORTGAGE ELECTRONIC              )
18  REGISTRATION SYSTEM; NORTHWEST)       FINDINGS & RECOMMENDATION
    TRUSTEE SERVICES, INC.; JOHN    )
19  DOE(S); JANE DOE(S),             )
                                     )
20                   Defendants.     )
                                     )
21  ──────────────────────────────────

22  Morse Edward Stewart
    57985 Timber Road
23  Vernonia, Oregon 97064

24        Plaintiff Pro Se

25  Jason M. Pistacchio
    Kimberly R. Griffith
26  COSGRAVE VERGEER KESTER LLP
    805 S.W. Broadway, 8th Floor
27  Portland, Oregon 97205

28        Attorneys for Defendant First Pacific Mortgage Company, Inc.

1 - FINDINGS & RECOMMENDATION

Teresa M. Shill
ROUTH CRABTREE OLSEN, P.C.
11830 S.W. Kerr Parkway, Suite 385
Lake Oswego, Oregon 97035

    Attorney for All Other Non-Doe Defendants

HUBEL, Magistrate Judge:

    Pro se plaintiff Morse E. Stewart brings this action against several defendants.  The named defendants move to dismiss under Federal Rules of Civil Procedure 8 and 12.  I recommend that the motions be granted.

BACKGROUND

    The Complaint, filed October 5, 2009, is a jumble of words, citations, and assertions which together make little sense.  For example, the caption of the Complaint includes the assertions that the case is a "Complaint of Fraud in Trustee's Sale No. 7763.24398 Clackamas County, Oregon," that it is brought "In Admiralty," and that it is submitted by a "Secured Party Creditor, In Propria Persona, on behalf of Plaintiff & Self."  Compl. at p. 1.

    As best as can be discerned, plaintiff seeks an order quashing non-judicial foreclosure proceedings involving real property in Clackamas County, Oregon, and also seeks a money judgment for more than $35 million.  See Compl. at p. 3 (noting property located at 3040 SE Persons Court, Milwaukie, Oregon 97267); p. 5 (referring to standing to bring a trustee's sale); p. 11 (requesting Court to quash foreclosure and pay damages to plaintiff).  Plaintiff expressly alleges that "Defendant(s) are in violation of FRCP IV 17(a), RESPA 12 USC sec. 2605(e), TILA sec 1604(e), 15 USC 1601 et seq. and FDCPA 15 USC sec 1692c."  Id. at p. 4.

/ / /

2 - FINDINGS & RECOMMENDATION

1                              STANDARDS

2        Defendants all initially move to dismiss for lack of subject

3   matter jurisdiction.  Other bases for the motions are discussed

4   below.

5        A motion to dismiss brought pursuant to Federal Rule of Civil

6   Procedure   12(b)(1)   addresses   the   court's   subject   matter

7   jurisdiction.  The party asserting jurisdiction bears the burden of

8   proving that the court has subject matter jurisdiction over his

9   claims.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,

10  377 (1994).

11       A Rule 12(b)(1) motion may attack the substance of the

12  complaint's jurisdictional allegations even though the allegations

13  are formally sufficient.  See Corrie v. Caterpillar, Inc., 503 F.3d

14  974, 979-80 (9th Cir. 2007) (court treats motion attacking

15  substance of complaint's jurisdictional allegations as a Rule

16  12(b)(1) motion); Dreier v. United States, 106 F.3d 844, 847 (9th

17  Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1)

18  motion can attack the substance of a complaint's jurisdictional

19  allegations   despite   their   formal   sufficiency[.]")   (internal

20  quotation omitted).  Additionally, on a Rule 12(b)(1) motion, the

21  court may consider evidence outside the pleadings to resolve

22  factual disputes.  Robinson v. United States, No. 07-17052, 2009 WL

23  3525634, at *1 (9th Cir. Nov. 2, 2009); see also Dreier, 106 F.3d

24  at 847 (a challenge to the court's subject matter jurisdiction

25  under Rule 12(b)(1) may rely on affidavits or any other evidence

26  properly before the court).

27                             DISCUSSION

28  I.  Subject Matter Jurisdiction Under 28 U.S.C. §§ 1331, 1332

    3 - FINDINGS & RECOMMENDATION

1    Federal courts are courts of limited jurisdiction.
2    Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir.
3    2007). Federal district courts have subject matter jurisdiction in
4    (1) cases that raise a federal question and (2) cases in which
5    there is diversity of citizenship among the parties. See 28 U.S.C.
6    §§ 1331-32.[1] Unless plaintiff's complaint falls into one of these
7    two categories, it must be dismissed for lack of subject matter
8    jurisdiction.

9        A.  Diversity Jurisdiction

10    A federal district court has subject matter jurisdiction of
11    all civil actions where the matter in controversy exceeds the sum
12    of $75,000, and the action is between citizens of different states.
13    28 U.S.C. § 1332. In the jurisdictional allegation section of the
14    Complaint, plaintiff contends that this Court has jurisdiction
15    because, inter alia, "[t]he Plaintiff and some of the Defendants
16    are from different states . . . [and] [t]he amount in question
17    exceeds $75,000." Compl. at p. 3.

18    Although there are scant facts alleged in support of
19    plaintiff's request for $35 million in damages, I assume for the
20    purposes of this motion that the damages sought exceed the $75,000
21    diversity jurisdiction requirement. However, as plaintiff himself
22    seems to recognize, not all of the defendants possess non-Oregon
23    citizenship, a fact fatal to maintaining diversity jurisdiction.

24    "Diversity jurisdiction requires complete diversity between
25    the parties-each defendant must be a citizen of a different state
26    from each plaintiff." In re Digimarc Corp. Derivative Litig., 549

27    _____

28        [1]  I address plaintiff's reference to admiralty, below.

4 - FINDINGS & RECOMMENDATION

1   F.3d 1223, 1234 (9th Cir. 2008).  Here, although plaintiff does not

2   expressly assert his citizenship for diversity jurisdiction

3   purposes, he completed a civil action cover sheet in which he

4   listed a Vernonia, Oregon address and stated that his residence is

5   Columbia County.  Several attachments to the Complaint show this

6   same address for plaintiff.

7        Plaintiff fails to affirmatively allege the state of

8   incorporation and principal place of business of each defendant.

9   28 U.S.C. § 1332(c)(1) (corporation deemed to be citizen of any

10  state by which it has been incorporated and of the state where it

11  has its principal place of business).  However, defendant First

12  Pacific Mortgage Company[2] submits a statement from the Oregon

13  Secretary of State's Business Registry showing that First Pacific

14  is incorporated in Oregon and has its principal place of business

15  here.  Thus, complete diversity is lacking and there is no

16  diversity jurisdiction under 28 U.S.C. § 1332.

17       B.  Federal Question

18       Federal district courts have "original jurisdiction of all

19  civil actions arising under the Constitution, laws, or treaties of

20  the United States."  28 U.S.C. § 1331.  Plaintiff makes no express

21  allegation that this Court's jurisdiction is based on a federal

22  question.  There is no express assertion in the section of the

23  Complaint reciting plaintiff's "Cause of Action Cites," of a claim

24  arising under the Constitution or a treaty.

25       Plaintiff does, however, make the following allegation:  "As

26

27

28       [2] Now known as First Pacific Associates, Inc.  Exh. A to
    Nov. 19, 2009 Declr. of Kimberly Griffith.

5 - FINDINGS & RECOMMENDATION

will become clear, in the causes of action below, the Defendant(s) are in violation of FRCP IV 17(a), RESPA 12 USC sec. 2605(e), TILA sec. 1604(e), 15 USC 1601 et seq. and FDCPA 15 USC sec. 1692c." Compl. at p. 4.  I understand the first reference to be to Federal Rule of Civil Procedure 17(a), addressing the real party in interest in a civil action.  An alleged violation of a procedural rule does not create federal question jurisdiction.  See <u>Pineville Real Estate Operation Corp. v. Michael</u>, 32 F.3d 88, 89 (4th Cir. 1994) (interpretation of Federal Rules of Civil Procedure insufficient to confer federal jurisdiction) (per curiam); see <u>also Waris v. Ormond</u>, No. CIV 08-5709 (RBK), 2009 WL 2385891, at * 3-4 (E.D. Pa. July 29, 2009) (rejecting argument that federal jurisdiction exists whenever a plaintiff alleges a violation of the Federal Rules of Civil Procedure).

As for the remaining citations, they refer to (1) the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617; (2) the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1615; and (3) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p.  The specific statutory sections cited by plaintiff lead me to conclude that plaintiff alleges a violation of (1) that part of the RESPA outlining the duties of loan servicers to respond to borrower inquiries under 12 U.S.C. § 2605(e); (2) that part of the FDCPA governing communications with a consumer under 15 U.S.C. § 1692c; and (3) some part of TILA under 15 U.S.C. § 1604 governing disclosure guidelines.[3]

---

[3]  Plaintiff cites to "TILA sec. 1604(e)," but section 1604 contains no subsection (e).

6 - FINDINGS & RECOMMENDATION

1    As noted above, plaintiff's string of federal statutory
2    citations under the "Cause of Action" heading is preceded by an
3    indication that the particulars of his claims "will become clear []
4    in the causes of action below[.]" Compl. at p. 4. Following this,
5    plaintiff lists three causes of action: (1) "Defendants Have Not
6    Proven Standing to Foreclose"; (2) "Defendants Never Loaned Any
7    'Money' and Defendants Have Been Paid"; and (3) "Admissions and
8    Confessions." In the first cause of action, plaintiff seems to
9    contend that defendants have no proof that they have standing or
10   are a real party in interest. Id. at pp. 4-7. In the second cause
11   of action, plaintiff suggests that "defendants" were paid when they
12   sold the original promissory note. Id. at p. 7. In the third,
13   plaintiff lists five alleged "confessions" by defendants, including
14   that defendants confess and admit that they owe plaintiff $35
15   million in damages. Id. at pp. 7-11.

16   Plaintiff's allegations under his three causes of actions are
17   problematic in many respects. In regard to jurisdiction, however,
18   they appear to bear no relation at all to the federal statute
19   citations immediately preceding them. As a result, as far as
20   establishing federal question jurisdiction of this action, the
21   Complaint contains only a string of citations to federal statutes.
22   Such passing references, without more, are insufficient to
23   establish a federal question. E.g., Polkey v. Waste Mgmt of Wa.,
24   Inc., No. C09-0447-JCC, 2009 WL 1936257, at *3 (W.D. Wa. July 6,
25   2009) (vague, ambiguous, or passing references to federal law in a
26   complaint are not sufficient to support federal question
27   jurisdiction); Matthews v. Stewart, 207 F. Supp. 2d 496, 499 (M.D.
28   La. 2001) (casual reference to two federal statutes raised no issue

7 - FINDINGS & RECOMMENDATION

of federal law and failed to establish federal question jurisdiction); see also Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997) ("the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists") (per curiam).

As noted above, because defendants raise the lack of subject matter jurisdiction under Rule 12(b)(1), I may consider evidence outside of the Complaint. Defendants submit evidence demonstrating that the genesis of the dispute plaintiff has with defendants is a pending non-judicial foreclosure of real property located in Clackamas County, Oregon. The exhibits show that on or about April 29, 2003, plaintiff executed and delivered to, and for the benefit of, defendant Mortgage Electronic Registration Systems, Inc., as nominee for lender First Pacific, a Deed of Trust encumbering the real property located in Milwaukie, Oregon. Jeff Stenman Declr. at p. 1; Exh. 1 to Stenman Declr. The Deed of Trust was recorded in Clackamas County as instrument number 2003-055065. Id. The Deed of Trust was subsequently assigned to defendant U.S. Bank National Association as Trustee for CSFB 2002-23. Id.; Exh. 2 to Stenman Declr. The assignment was recorded in Clackamas County as instrument number 2009-037508, on May 29, 2009. Id.

Also on May 29, 2009, based on plaintiff's alleged default beginning in November 2008, U.S. Bank appointed defendant Northwest Trustee Services, Inc., as the successor and foreclosing trustee under the Deed of Trust. Id.; Exh. 3 to Stenman Declr. The appointment was recorded on May 29, 2009 in Clackamas County as

8 - FINDINGS & RECOMMENDATION

1    instrument number 2009-035709.    Id.    The Trustee commenced

2    foreclosure.  A Notice of Default and Election to Sell was recorded

3    in Clackamas County on May 29, 2009, as instrument number 2009-

4    037510.  Id.; Exh. 4 to Stenman Declr.

5        The property was originally scheduled for auction on October

6    9, 2009.  Stenman Declr. at p. 3.  However, the sale was stayed

7    because plaintiff attempted to cure the default.  Id.  However,

8    plaintiff apparently failed to cure the default because he tendered

9    an allegedly fraudulent money order which was returned for non-

10   payment.  Id.

11       Foreclosure proceedings have resumed.  Id.  A second Notice of

12   Default and Election to Sell was recorded in Clackamas County on

13   October 6, 2009, as instrument number 2009-069913.  Id.; Exh. 5 to

14   Stenman Declr.  That notice recites that the property will be sold

15   at a trustee's sale on February 16, 2010.  Id.  Currently, no

16   trustee's sale has occurred and no trustee's deed has been issued

17   for the property.  Id.

18       The evidence submitted by defendants shows that the real

19   property referenced by plaintiff in his Complaint is in the process

20   of being foreclosed.  This process is governed by state, not

21   federal law.  See Or. Rev. Stat. §§ (O.R.S.) 86.705 - 86.990

22   (Oregon Trust Deed Act).  Without more, foreclosures of real

23   property under a non-judicial foreclosure process established by

24   state law, do not give rise to a federal question cause of action.

25   See Easton, 114 F.3d at 982.

26       In summary, plaintiff fails to establish that this Court has

27   subject matter jurisdiction over this action under 28 U.S.C. §§

28   1331 or 1332.  The record shows the presence of a non-diverse

9 - FINDINGS & RECOMMENDATION

1  defendant, precluding diversity jurisdiction.  The allegations in

2  plaintiff's Complaint do not reveal the basis of a federal question

3  claim and the citation of federal statutes, without more, are

4  insufficient to create a federal question.  The evidence submitted

5  by defendants in support of their Rule 12(b)(1) motions indicates

6  that the claims are likely grounded in state law.

7      Accordingly, the Complaint must be dismissed for want of

8  federal jurisdiction.  <u>Blackburn v. United States</u>, 100 F.3d 1426,

9  1436 (9th Cir. 1996) (subject matter jurisdiction is a threshold

10  issue, in the absence of which the court cannot proceed to hear

11  other issues); <u>see also</u> <u>Stewart v. Mortgage Elec. Reg. Sys., Inc.</u>,

12  No. CV-09-687-PK, 2009 WL 3698104, at *4 (D. Or. Oct. 6, 2009)

13  (concluding that Complaint filed by plaintiff in similar action

14  contained no appropriate statement of the grounds for the court's

15  jurisdiction) (Findings & Recommendation adopted by Judge King on

16  November 4, 2009); <u>Stewart v. Mortgage Elec. Reg. Sys., Inc.</u>, No.

17  CV-09-688-PK, 2009 WL 3734108, at *5 (D. Or. Oct. 6, 2009) (same)

18  (Findings & Recommendation adopted by Judge King on November 4,

19  2009).

20  II.  Admiralty Jurisdiction

21      As noted above, plaintiff refers to the action being "In

22  Admiralty" in the caption of the Complaint.  Compl. at p. 1.  He

23  also recites that he seeks a "remedy in Admiralty as is provided by

24  'The Savings to the Suitors Clause'" of 28 U.S.C. § 1333(1). "  <u>Id.</u>

25  However, it is apparent from the face of the Complaint that no

26  admiralty jurisdiction exists or could exist under any conceivable

27  allegations.

28      The admiralty jurisdiction of the federal courts is governed

10 - FINDINGS & RECOMMENDATION

by 28 U.S.C. § 1333 which provides:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
>
>     (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
>
>     (2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

28 U.S.C. § 1333.

In determining the boundaries of admiralty jurisdiction, the court looks to the purpose of the Congressional grant. Exxon Corp. v. Central Gulf Lines, Inc., 500 U.S. 603, 608 (1991). The fundamental interest giving rise to maritime jurisdiction is the protection of maritime commerce. Id.; see also Ventura Packers, Inc. v. F/V Jeanine Kathleen, 305 F.3d 913, 917 (9th Cir. 2002) ("Though not confined to vessels, admiralty naturally centers around them, as the great agents of maritime affairs.").

The subject matter of the dispute in this case is real property in Clackamas County, Oregon, and there are no facts asserted to support an admiralty claim. Additionally, the "saving to suitors" clause is not an independent source of federal admiralty jurisdiction, but rather, is a statement that state courts may adjudicate maritime causes of action in proceedings where defendant is a person, not a ship or some other instrument of navigation. Ghotra v. Bandila Shipping, Inc., 113 F.3d 1050, 1054 (9th Cir. 1997). The saving to suitors clause also permits a plaintiff to bring an action "at law" in the federal district court, provided the requirements of diversity of citizenship and amount in controversy are met. Id.

11 - FINDINGS & RECOMMENDATION

1    The Complaint establishes no basis for this Court's admiralty
2    jurisdiction under 28 U.S.C. § 1333.
3    III.  Rule 8
4    All defendants except First Pacific contend that plaintiff's
5    Complaint fails to meet the requirements of Federal Rule of Civil
6    Procedure 8.  I agree.
7    Pursuant to Rule 8(a), a complaint shall include "a short and
8    plain statement of the claim showing that the pleader is entitled
9    to relief."  Fed. R. Civ. P. 8(a).  Additionally, "[e]ach averment
10   of a pleading shall be simple, concise and direct."  Fed. R. Civ.
11   P. 8(e).
12   If the factual elements of a cause of action are scattered
13   throughout the complaint but are not organized into a "short and
14   plain statement of the claim," dismissal for failure to satisfy
15   Rule 8(a) is proper.  Sparling v. Hoffman Constr. Co., 864 F.2d
16   635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172,
17   1179 (9th Cir. 1996) (affirming dismissal of complaint which
18   vaguely referred to "defendants" or "other responsible authorities"
19   and failed to link factual allegations to specific defendants).
20   The Complaint, while not overly long at approximately eleven
21   pages, begins with statements regarding admiralty jurisdiction,
22   followed by one and one-half pages of citations to, and quotes
23   from, cases whose relevance is unclear.  Compl. at pp. 1-3.  My
24   best understanding is that some of these citations are meant to
25   support plaintiff's request for a jury trial and others appear to
26   relate to misconduct by a public officer.  Next, plaintiff makes
27   assertions of jurisdiction, discussed above, followed by a
28   statement that plaintiff is a secured party creditor.  Id. at p. 3.

12 - FINDINGS & RECOMMENDATION

1    Plaintiff then spends several pages setting forth his three

2   causes of action.  Id. at pp. 4-11.  All references are to

3   defendants with no allegation of the particular wrongdoing of a

4   particular defendant.  The first "cause of action," concerning the

5   supposed lack of standing to foreclose, makes reference to the

6   "real party in interest." Id. at pp. 4-7.  Plaintiff alleges that

7   "Defendants have not rendered any verifiable proof that either of

8   them has **'Standing,' and/or** is a **'Real Party in Interest.'** Who has

9   standing to bring this TRUSTEE's SALE Who is the Real Party of

10  Interest?" Id. at p. 5.  This allegation is followed by two pages

11  of out-of-context quotes from several district court cases across

12  the nation, and from various federal statutes.  There is no

13  allegation of any specific acts or omissions of a defendant named

14  in the case.

15    Next, in the second "cause of action," plaintiff contends that

16  defendants were paid when they sold the original promissory note.

17  Id. at p. 7.  Plaintiff then cites to a 1968 case, perhaps from

18  Minnesota but the reference is unclear, followed by a quote which

19  appears irrelevant.  Again, no allegation of any specific act or

20  omission of a defendant named in the case appears.

21    In the third "cause of action," plaintiff recites the five

22  alleged confessions made by defendants, followed by citations to

23  various authorities, along with quotes regarding silence,

24  acquiescence, and fraud.  Id. at pp. 8-9.  Plaintiff appears to

25  allege that because defendants failed to refute certain assertions

26  in affidavits plaintiff had sent to defendants before this action

27  was filed, defendants have now conceded these assertions and are

28  bound by them.  Id.  Again, there is no allegation of any specific

13 - FINDINGS & RECOMMENDATION

1  act or omission of a defendant named in this case.

2      Following the pages of the actual Complaint, plaintiff

3  attaches five separate exhibits totaling 157 pages. Exhs. A to E.

4  The relevance of these documents is not clearly related to the

5  "causes of action," other than that Exhibits B, D, and E are

6  apparently three of the affidavits containing assertions that

7  defendants have allegedly failed to refute.

8      Although a federal court's notice pleading rules are liberal

9  in their requirements, under notice pleading, the "short and plain"

10  statement must still give "'the defendant fair notice of what the

11  plaintiff's claim is and the grounds upon which it rests.'" Walsh

12  v. Nevada Dep't of Human Resources, 471 F.3d 1033, 1036 (9th Cir.

13  2006) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

14  Plaintiff fails to clearly specify the legal theories upon which he

15  relies, and fails to make any substantive allegations concerning

16  the particular conduct of defendants. He also fails to clearly

17  link which causes of action are being asserted against a particular

18  defendant. As such, the Complaint violates Rule 8. See McHenry,

19  84 F.3d at 1178 (noting that pleadings containing averments largely

20  irrelevant or of slight relevance, "rather than clear and concise

21  averments stating which defendants are liable to plaintiffs for

22  which wrongs," violate Rule 8).

23  IV.  Failure to State a Claim

24      All defendants move to dismiss the Complaint for failure to

25  state a claim under Rule 12(b)(6). On a Rule 12(b)(6) motion to

26  dismiss, the court must review the sufficiency of the complaint.

27  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). All allegations of

28  material fact are taken as true and construed in the light most

14 - FINDINGS & RECOMMENDATION

1  favorable to the nonmoving party.  American Family Ass'n, Inc. v.
2  City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir.
3  2002).  However, the court need not accept conclusory allegations
4  as truthful.  Holden v Hagopian, 978 F.2d 1115, 1121 (9th Cir.
5  1992).

6      In its present form, as discussed above, because plaintiff's
7  claims are so poorly articulated, it is challenging to discern what
8  they are, much less ascertain whether they state a cognizable
9  claim.  As addressed herein, plaintiff's allegations fail to state
10 claims under any of the federal statutes he cites.  The Complaint's
11 recitations made in support of plaintiff's three causes of action
12 appear unrelated to any of the three federal statutory sections
13 cited by plaintiff.  That is, if plaintiff alleges a violation of
14 RESPA's provision regarding loan servicers' responses to borrower
15 inquiries under 12 U.S.C. § 2605(e), his allegations fail to state
16 the elements of that claim in any discernable fashion.  The same is
17 true for the TILA and FDCPA references.

18      Additionally, while plaintiff's Complaint makes some passing
19 references to fraud, and plaintiff refers to the action as being a
20 "Complaint of Fraud in a Trustee's Sale" in the caption, Compl. at
21 pp. 1, 6, 8, the Complaint fails to meet the requirements of
22 Federal Rule of Civil Procedure 9 and thus, fails to state a fraud
23 claim.  Under Rule 9(b), a fraud claim must be "specific enough to
24 give defendants notice of the particular misconduct so that they
25 can defend against the charge and not just deny that they have done
26 anything wrong."  Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1106
27 (9th Cir. 2003) (internal quotation and ellipsis omitted).  "A
28 plaintiff must set forth more than the neutral facts necessary to

15 - FINDINGS & RECOMMENDATION

1    identify the transaction.  The plaintiff must set forth what is

2    false or misleading about a statement, and why it is false."  <u>Id.</u>

3    (internal quotation and brackets omitted). "Averments of fraud must

4    be accompanied by the who, what, when, where, and how of the

5    misconduct charged."  <u>Id.</u> (internal quotation omitted).

6         The Complaint fails to identify which defendant made allegedly

7    fraudulent representations, in what context, at what time, and to

8    whom.  It also fails to allege what was false or misleading and

9    why.  As such, plaintiff fails to state a fraud claim.

10   V.  Appearance on Behalf of Another

11        In the Complaint, plaintiff includes several references to

12   being "Morse Edward Stewart, Secured Party Creditor."  Compl. at

13   pp. 1, 3, 11.  The first recitations in the Complaint suggest that

14   plaintiff considers himself to be a separate entity from "Morse

15   Edward Stewart, Secured Party Creditor."  Compl. at p. 1

16   (indicating that "Morse Edward Stewart, Secured Party Creditor"

17   appears on behalf of plaintiff).

18        Under both Oregon and federal law, a corporation or other

19   entity must be represented by counsel.  <u>United States v. High</u>

20   <u>Country Broad. Co.</u>, 3 F.3d 1244, 1245 (9th Cir. 1993); ORS 9.320

21   (action may be prosecuted personally or by attorney, however the

22   state or a corporation must be represented by attorney).

23        Additionally, 28 U.S.C. § 1654 provides that in federal court,

24   "parties may plead and conduct their own cases personally or by

25   counsel as, by the rules of such courts, respectively, are

26   permitted to manage and conduct causes therein."  Under this

27   statute, the privilege to represent oneself <u>pro</u> <u>se</u> is personal to

28   the litigant and does not extend to other parties or entities.

16 - FINDINGS & RECOMMENDATION

1    <u>Simon v. Hartford Life, Inc</u>., 546 F.3d 661, 664 (9th Cir. 2008);

2    <u>see also</u> <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697

3    (9th Cir. 1987) ("Although a non-attorney may appear <u>in</u> <u>propria</u>

4    persona in his own behalf," the issue must be personal to the

5    non-attorney and he has no authority to appear on behalf of

6    others.).

7        Here, plaintiff may not appear on behalf of "Morse Edward

8    Stewart, Secured Party Creditor," and "Morse Edward Stewart,

9    Secured Party Creditor" may not appear on behalf of plaintiff.

10   Because, at this point, the Complaint does not make clear how

11   plaintiff might be a secured party creditor to his own home

12   mortgage loan, I construe the Complaint as having been brought by

13   plaintiff as an individual and on only his own behalf.    Any

14   references to "Morse Edward Stewart, Secured Party Creditor" as

15   being a separate party, are irrelevant.

16   VI.  Amendment

17       <u>Pro se</u> complaints are to be liberally construed.    <u>Wolfe v.</u>

18   <u>Strankman</u>, 392 F.3d 358, 362 (9th Cir. 2004).    Although defendants

19   urge dismissal of the Complaint with prejudice and without leave to

20   amend, dismissal of a <u>pro se</u> complaint without leave to amend is

21   proper only if it is clear that the deficiencies of the complaint

22   cannot be cured by amendment.    <u>Lucas v. Department of Corrections</u>,

23   66 F.3d 245, 248 (9th Cir. 1995).    In this case, because plaintiff

24   may be able to amend and properly assert a claim, I allow him the

25   opportunity to refile, subject to the discussion below.

26       A.  Jurisdiction

27       The only way plaintiff can cure the defect regarding diversity

28   jurisdiction is to dismiss First Pacific, the non-diverse

17 - FINDINGS & RECOMMENDATION

1  defendant.

2       As for federal question jurisdiction, plaintiff should

3  identify the precise federal statute or constitutional provision he

4  alleges has been violated, and then must articulate the elements of

5  the claim(s) in a readable, coherent fashion such that the Court

6  can understand the federal question nature of the claim being

7  asserted.

8       B.  Parties

9       As noted above, plaintiff may appear only on behalf of

10 himself.  Any amended pleading should omit any reference to any

11 other plaintiff.[4]

12      Two defendants assert that they are not proper parties to this

13 action.  First, defendant Northwest Trustee Services, Inc. argues

14 that because plaintiff does not move to enjoin the foreclosure

15 sale, or to determine its validity, it is not a proper defendant

16 and must be dismissed from the action.  Oregon law provides that

17          [a] trustee or successor trustee is a necessary and
           proper party to any proceeding to determine the validity
18         of or enjoin any private or judicial proceeding to
           foreclose a trust deed, but a trustee or successor
19         trustee is neither a necessary nor a proper party to any
           proceeding to determine title to the property subject to
20         the trust deed, or to any proceeding to impose, enforce
           or foreclose any other lien on the subject property.
21
22 O.R.S. 86.790(4).

23      Given that the Complaint fails to articulate any cognizable

24 claim against any of the defendants at this point, I do not think

25 it is appropriate to dismiss Northwest Trustee Services at this

26 point.  Although the Complaint lacks an express request for

27 _____

28      [4]  Plaintiff may, however, obtain counsel to represent any
   plaintiff(s).

18 - FINDINGS & RECOMMENDATION

1   injunctive relief, plaintiff does seek an order quashing the
2   foreclosure, suggesting that plaintiff views the litigation as a
3   proceeding to determine the validity of, or to enjoin, the
4   foreclosure.  Also, it is conceivable that plaintiff could plead
5   some actionable claim in an amended pleading that is neither a
6   proceeding to determine title nor a proceeding concerned with
7   another lien.  However, it is appropriate to caution plaintiff that
8   even though he appears pro se, he is still subject to Federal Rule
9   of Civil Procedure 11 which requires that he have a good faith
10  basis for believing that a claim is warranted by existing law and
11  that the factual contentions have evidentiary support.  Fed. R.
12  Civ. P. 11(b).  Violation of Rule 11 may subject plaintiff to
13  sanctions.  Fed. R. Civ. P. 11(c).

14      Defendant Washington Mutual, F.A. also asserts that it is not
15  a proper party to this action.  It further contends that it has
16  been misnamed in the Complaint.  In its memorandum in support of
17  the motion to dismiss, Washington Mutual represents that on
18  September 25, 2008, the Federal Deposit Insurance Corporation
19  (FDIC), seized Washington Mutual and appointed a receiver.
20  Washington Mutual states that it ceased to exist on that date.  It
21  also states that the FDIC's claim administration process has
22  exclusive venue over any claim against the former entity and that
23  while JPMorgan Chase Bank purchased some of Washington Mutual's
24  former assets, it did not assume any liability for Washington
25  Mutual's debts or actions.

26      The problem with dismissing Washington Mutual at this point is
27  that other than these statements in the memorandum, there is no
28  evidence in the record in the form of an affidavit, declaration, or

19 - FINDINGS & RECOMMENDATION

1  exhibits, to support these assertions.  Because I grant the motion

2  to dismiss the Complaint for three separate reasons (lack of

3  subject matter jurisdiction, violation of Rule 8, failure to state

4  a claim), I find it unnecessary to further consider Washington

5  Mutual's argument at this point.  While its representations may be

6  correct, they are not adequately supported.

7       I once again caution plaintiff, however, that in any amended

8  pleading, he must comply with the requirements of Rule 11 and thus,

9  must have a good faith basis for believing that Washington Mutual

10 is a properly named defendant.

11      C.  Claims

12      As discussed above, plaintiff's Complaint violates Rule 8 and

13 fails to state a claim.  Any amended pleading must contain a short

14 and plain statement showing that plaintiff is entitled to relief

15 and must articulate a cognizable legal theory.  If alleging fraud,

16 plaintiff must comply with Rule 9, as noted above.

17      Finally, in plaintiff's December 1, 2009 response to the

18 motions to dismiss[5], he attempts to assert eighteen

19 _____

20      [5] At the time the motions to dismiss in this case were
   filed, the Local Rules of this Court required responses to these
21 motions to be filed within eleven days of service.  Former L.R.
   7.1(3).  Federal Rule of Civil Procedure 6 allows for any extra
22 three days for mailing.  Thus, plaintiff's responses to the
   motions were due fourteen days after service.  Service of a
23 motion is complete upon mailing.  Fed. R. Civ. P. 5(b).
24      Northwest Trustee's motion was served on plaintiff on
   October 19, 2009 (dkt #3, #5), and thus, plaintiff's response was
25 due on November 3, 2009.  The remaining defendants, other than
   First Pacific, served a combined motion on plaintiff on October
26 27, 2009 (dkt #7), making the response due on November 10, 2009.
   First Pacific's motion was served on plaintiff on November 19,
27 2009 (dkt #23), making the response due on December 3, 2009.
28 Plaintiff's December 1, 2009 response was timely only as to First

20 - FINDINGS & RECOMMENDATION

1  "counterclaims."   I  do  not  consider  these  to  be  part  of  the
2  litigation.  First, a counterclaim must be asserted in a pleading.
3  Fed. R. Civ. P. 13.  A response to a motion to dismiss is not a
4  pleading.  See Fed. R. Civ. P. 7 (listing pleadings allowed).

5      Second, a counterclaim is a claim brought by the opposing
6  party against the party bringing the original claim.  Black's Law
7  Dictionary 376 (8th ed. 2004) (defining counterclaim as "[a] claim
8  for relief asserted against an opposing party after an original
9  claim has been made; esp., a defendant's claim in opposition to .
10  . . the plaintiff's claim.").  That is, after a plaintiff brings a
11  claim  against  a  defendant,  the  opposing  party,  meaning  the
12  defendant,  may  then  assert  a  counterclaim  against  the  party
13  originally bringing the claim, meaning the plaintiff.  A plaintiff
14  wanting to bring additional claims does not bring "counterclaims,"
15  but rather, files an amended complaint, or seeks leave to file an
16  amended complaint, adding such claims.  Accordingly, I disregard
17  any reference to "counterclaims" contained in plaintiff's response
18  to the motions to dismiss.

CONCLUSION

19
20      Defendants' motions to dismiss (#3, #7, #23) should be
21  granted.  Because plaintiff appears pro se, he should have leave to
22  amend  to  cure  the  deficiencies  outlined  above.   Any  amended
23  complaint is due thirty days after entry of an order by the Article
24  III  District  Court  Judge  on  the  merits  of  this  Findings  &
25  Recommendation.   This  case  will  be  dismissed  if  no  amended

26

27  Pacific's motion.  Although I have considered the response as to
28  the other motions, I admonish plaintiff that in the future, he
   must comply with the time requirements in the Local Rules.

21 - FINDINGS & RECOMMENDATION

1  complaint is timely filed.

2                           SCHEDULING ORDER

3       The Findings and Recommendation will be referred to a district

4  judge.  Objections, if any, are due January 25, 2010.  If no

5  objections are filed, then the Findings and Recommendation will go

6  under advisement on that date.

7       If objections are filed, then a response is due February 11,

8  2010.  When the response is due or filed, whichever date is

9  earlier, the Findings and Recommendation will go under advisement.

10      IT IS SO ORDERED.

11                       Dated this  6th  day of  January  , 2010.

12

13

14                                   /s/ Dennis James Hubel
                                     Dennis James Hubel
15                                   United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

22 - FINDINGS & RECOMMENDATION