FILED
MAR 30 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MORSE E. STEWART,

          Plaintiff,

v.

WASHINGTON MUTUAL, FA,
et al.
          Defendants.

CV. 09-1180-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

    Plaintiff Morse Stewart, appearing pro se, filed this action against several defendants. Stewart's claims appear to arise out of a real estate foreclosure governed by Oregon law. For the reasons set forth below, the action should be dismissed with prejudice.

## LEGAL STANDARD

    Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time

FINDINGS AND RECOMMENDATION - Page 1

that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction"). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The Supreme Court instructs federal courts to liberally construe the "inartful pleading" of pro se litigants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-1261 (9th Cir. 1992). Thus, courts hold pro se pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Specifically, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623-624 (9th Cir. 1988).

## BACKGROUND

Stewart filed this action in October 2009. On January 6, 2010, Magistrate Judge Hubel recommended that the court grant defendants' motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Specifically, Judge Hubel found that the complaint did not sufficiently plead federal subject matter jurisdiction and failed to state a claim against any defendant. Judge Hubel also found that the complaint violated Federal Rule of Civil Procedure 8 because it failed to clearly specify the legal theories upon which Stewart relies and failed to make any substantive allegations concerning the particular conduct of the defendants. In his ruling, the Judge Hubel set forth the deficiencies in the complaint and recommended that Stewart have an opportunity to amend.

Judge King adopted Judge Hubel's Findings and Recommendation on February 4, 2010. He granted the defendants' motions to dismiss and provided Stewart leave to amend by March 8, 2010 to cure the complaint's many deficiencies. Following Judge King's order, the case was reassigned to me.

Stewart has not filed an amended complaint. Instead, Stewart has submitted two documents, respectively dated March 18 and March 29, 2010, entitled "Notice to Court: This Administrative Affidavit of Specific Negative Averment, Opportunity to Cure and Counterclaim Is To Be Placed in the Evidence File." To the extent that Stewart seeks to rely on these documents to amend his complaint, they are both untimely and both fail to cure the deficiencies set forth in Judge Hubel's earlier Findings and Recommendation. Stewart has failed to cure the jurisdictional allegations and has not clarified the basis for his claims. As Stewart's deadline to amend his complaint has passed, the court should dismiss the action with prejudice.

## CONCLUSION

The court should dismiss this action with prejudice for lack of subject matter jurisdiction and for failure to comply with this court's order regarding amendment of his complaint. Judgment should be entered accordingly.

///

///

///

///

///

///

///

FINDINGS AND RECOMMENDATION - Page 3

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 30th day of March, 2010.

*/s/ Paul Papak*
Honorable Paul Papak
United States Magistrate Judge